Filed 8/25/22  P. v. Palaminos CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO PRECIADO PALAMINOS,<br><br>    Defendant and Appellant. | F082730<br><br>(Super. Ct. No. MCR025574)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Dale J. Blea, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Peña, J. and Smith, J.

Defendant Antonio Preciado Palaminos appeals the post-judgment order denying his motion for a proceeding pursuant to Penal Code[1] section 3051 and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to preserve evidence related to his youthfulness for the purpose of an eventual parole hearing.  We dismiss the appeal.

## BACKGROUND

On July 3, 2006, defendant killed an entire family when he hit their vehicle while he was driving intoxicated in a vehicle he had just stolen.  According to defendant's date of birth in the record, defendant was 26 years old at the time he committed the crimes. Following a court trial, he was convicted of five counts of murder, as well as multiple other counts, and the court sentenced him to 75 years to life (five consecutive terms of 15 years to life) on the murder counts, plus a four-year determinate term.  In 2009, we affirmed the judgment on appeal in *People v. Palaminos* (Apr. 30, 2009, F054625) [nonpub. opn.].

On May 29, 2020, defendant filed a motion to augment the record to include mitigating evidence relating to youthful factors pursuant to section 3051 and *Franklin*, *supra*, 63 Cal.4th 261—in other words, a motion for a *Franklin* proceeding.[2]  In the motion, he asserted that he was 25 years of age or younger at the time of the offenses.

After several continuances, on February 11, 2021, the trial court denied defendant's motion for a *Franklin* proceeding.

---

[1]    All statutory references are to the Penal Code.

[2]    "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' A hearing generally involves definitive issues of law or fact to be determined with a decision rendered based on that determination.  [Citations.]  A proceeding is a broader term describing the form or manner of conducting judicial business before a court. [Citations.]  While a judicial officer presides over a *Franklin* proceeding and regulates its conduct, the officer is not called upon to make findings of fact or render any final determination at the proceeding's conclusion.  Parole determination are left to the Board [of Parole Hearings]." (*In re Cook* (2019) 7 Cal.5th 439, 449, fn. 3 (*Cook*).)

On May 3, 2021, defendant filed a notice of appeal from the denial of the motion for a *Franklin* proceeding.

## DISCUSSION

### I.  Law

"A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was *25 years of age or younger* … at the time of his or her controlling offense." (§ 3051, subd. (a)(1), italics added.)[3]  "[T]he board, in reviewing a prisoner's suitability for parole … shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)  "[S]ections 3051 and 4801 contemplate[] 'that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a youth offender parole hearing to facilitate' consideration by the Board of Parole Hearings ….  [Citation.]  [A]ssembling such information [is] 'typically a task more easily done at or near the time of the juvenile's offense' [citation] … [and thus the defendant should have the opportunity to] 'put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing' [citation].  [T]he trial court [may] receive 'any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at [the defendant's] eventual youth offender parole hearing.' " (*Cook*, *supra*, 7 Cal.5th at p. 446.)  "[T]he presentation of evidence shall proceed with an eye to providing a meaningful baseline of [the defendant's] characteristics and circumstances so the parole board can someday judge the extent to which he has matured and rehabilitated himself

---

**3**     Senate Bill No. 260 (2013–2014 Reg. Sess.), which became effective January 1, 2014, added section 3051 and section 4801, subdivision (c).  (*Franklin*, *supra*, 63 Cal.4th at p. 276.)

while in custody.  In that regard, only such evidence as meaningfully adds to the existing record shall be permitted."  (*People v. Delgado* (2022) 78 Cal.App.5th 95, 104.)

In *Franklin*, the defendant was 16 years old when he committed murder, and the trial court was statutorily required to sentence him to two consecutive sentences of 25 years to life.  (*Franklin*, *supra*, 63 Cal.4th at p. 268.)  The *Franklin* court concluded it was not clear if defendant had sufficient opportunity at sentencing to "make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense" to enable the Board to "properly discharge its obligation to 'give great weight to' youth-related factors."  (*Id*. at p. 284.)  The court remanded the case to the trial court to determine whether defendant had an opportunity to make this record.  (*Id*. at pp. 286−287.)  From this case, the term "*Franklin* proceeding" has emerged.

A *Franklin* proceeding is also available to eligible inmates whose judgments are already final.  *Cook* provides guidance:  "For inmates … who seek to preserve evidence following a final judgment, the proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's [*Cook*] decision.  The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred."  (*Cook*, *supra*, 7 Cal.5th 439 at p. 458.)

## II.     Defendant's Motion for a *Franklin* Proceeding

After defendant's May 29, 2020 motion for a *Franklin* proceeding, progression of defendant's case involved multiple judges, multiple public defenders, and repeated continuations to explore the *Franklin* issue.  After a hearing on October 30, 2020, defendant himself filed a notice of appeal, but no final order had yet been made, and we dismissed the appeal.  Finally, at a February 11, 2021 hearing, a new public defender admitted to the court that he could provide no authority supporting a *Franklin* proceeding for a defendant who was 26 years old at the time of the crime, and he submitted.  In response, the new judge explained the *Franklin* case, then said:  "[Defendant] was

26 years, 5 months old at the time he committed the offenses that led to his convictions. [¶] Based on the foregoing, I don't feel that he's eligible—strike that—the *Franklin* hearing is not directed at [defendant] or persons similarly situated. [¶] I am going to order that the *Franklin* hearing that is set for February 26th, 2021, be vacated." The court gave defense counsel an opportunity to make a statement on the record, and the following discussion occurred:

> "[DEFENSE COUNSEL]: Yes, Your Honor. Briefly. [¶] I don't have the exact case citation before me, Your Honor, but I am aware that there's a recent case by the name of *Rodriguez* that specifically addresses that if the defendant is 26 years of age or younger at the time of the offense, they would be eligible—now eligible for a *Franklin* hearing.
>
> "Again, that would require my office to do the due diligence of actually getting that citation to provide to the Court. But with that, I will submit to the Court, Your Honor.
>
> "THE COURT: Well, that begs the question, why has that not happened?
>
> "[DEFENSE COUNSEL]: Your Honor, I cannot speak as far as to why it has not happened. However, I can assure that I personally will look into the matter, Your Honor, and provide it to the Court.
>
> "THE COURT: In reviewing the file in preparation for this hearing, my read of the minute orders is that Judge Jurkovich, in October of last year, and Judge Rigby, in November—I'm sorry, December of last year, indicated the same concerns that I expressed today.
>
> "If you are telling me that there's a case out there that provides for *Franklin* hearings for someone who is 26 years old, it seems to me that that's an important case, given the discussions that Counsel has had with other judges. You don't come here today with even the citation for that case. What am I to do with that?
>
> "[DEFENSE COUNSEL]: And I understand the Court's concern, Your Honor. And I cannot attest as to what was discussed at those prior hearings. However, in addition to that, Your Honor, I am not even sure if this—if the *Rodriguez* case was even determined last year, Your Honor.

"THE COURT: *The order stands. The* Franklin *hearing is vacated.* [Italics added.] We are going to come back on February 18th, 2021, at 8:30 a.m. in Department 22.

"[Defense Counsel], I am ordering that you file any points and authorities that you have on or before—let's do it this way: I am going to order that you file any points and authorities that you have that the ruling in *Franklin* extends to [defendant] on or before February 19th, 2021. You should serve that on [the prosecutor] as well.

"[Prosecutor], I will give you until February 24th to file any opposition you have.

"We will return to court on March 5th, 2021, at 8:30 in Department 22 for a hearing on whether *Franklin* applies to [defendant] and whether *the Court's order today should be vacated.* [Second italics added.] [Defendant] is ordered to be present at all hearings via Zoom [video call].

"[DEFENSE COUNSEL]: Thank you, Your Honor. And you stated that there's a February 18th date at 8:30?

"THE COURT: That's vacated.

"[DEFENSE COUNSEL]: Thank you, Your Honor.

"[PROSECUTOR]: Thank you, all."

The record on appeal does not contain a transcript of the March 5, 2021 hearing, but the clerk's minute order states: "COMMENTS: to Determine if Franklin applies to Defendant and whether orders are to be vacated." The minute order also notes that defense counsel stated he was unable to find the case he had referred to and a *Franklin* proceeding would not be appropriate at this time, but he wanted to investigate defendant's date of birth. The trial court agreed to allow counsel to investigate defendant's birthdate, but the *Franklin* proceeding would be taken off the calendar. Defendant then requested a *Marsden*[4] hearing and the court set a hearing for that purpose.

---

**4**      *People v. Marsden* (1970) 2 Cal.3d 118.

6.

At the *Marsden* hearing on April 22, 2021, defendant informed the court that he was not actually Antonio Preciado Palaminos and his date of birth was different. His birth certificate in Mexico would establish that he was eligible for a *Franklin* proceeding. The trial court denied the *Marsden* motion and informed defendant that this information regarding his identity was outside the realm of the hearing.

## III.    Analysis

We believe the trial court's statements at the hearing on February 11, 2021, demonstrate that the court denied defendant's motion for a *Franklin* proceeding, even though the court allowed for the possibility of further argument that might convince it to vacate that order. We acknowledge that the ruling could have been clearer, but the record convinces us the court made a final ruling denying the motion on that date and did not vacate it later.

Thus, as the People contend, defendant's May 3, 2021 notice of appeal was filed beyond the 60-day period, and we are without jurisdiction to consider the appeal. (Cal. Rules of Court, rule 8.308(a).)

However, we stress that defendant's appeal would nevertheless fail on the merits. The plain language of section 3051 sets out the age requirement of 25 years of age or younger and, contrary to defendant's baseless assertion, superior courts are clearly *not* required to provide a *Franklin* proceeding to defendants who merely claim that they fall within the statutory age requirement. We also note that defendant is not without a remedy if he does obtain evidence that he was in fact 25 years of age or younger at the time of the crimes and is therefore within the statutory age requirement. In that case, he may still raise the *Franklin* issue with the superior court, as provided by section 1203.01 and *Cook*, *supra*, 7 Cal.5th 439.

## <u>DISPOSITION</u>

The appeal is dismissed.